**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

GBEKE MICHAEL AWALA, et al., :
: Civil Action No. 05-2362 (FLW)
       Plaintiffs, :
:
    v. : **OPINION**
:
STATE OF NEW JERSEY DEP'T :
OF CORRECTIONS, et al., :
:
       Defendants. :

**APPEARANCES**:

    GBEKE MICHAEL AWALA, Plaintiff pro se
    #82074-054
    150 Park Row
    New York, New York 10007

**WOLFSON**, District Judge

    Plaintiff, Gbeke Michael Awala, initially confined at the Salem County Correctional Facility ("SCCF") in Woodstown, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

Awala purports to bring this lawsuit as a class action on behalf of 10 other named inmates who are similarly situated and unnamed inmates at SCCF. These inmates have neither signed the Complaint nor submitted complete applications to proceed in forma pauperis.[1] Pursuant to Fed.R.Civ.P. 23(a)(4), a class action can only be maintained if the class representative "will fairly and adequately protect the interests of the class." When confronting a request for class certification from a pro se litigant, however, courts have found that pro se plaintiffs generally cannot represent and protect the interests of the class fairly and adequately. See Cahn v. U.S., 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993). Here, it appears that Awala is a pro se prisoner without formal training in the law. Thus, Awala would not be able to represent the interests of the class and maintain this suit as a class action, especially since he has been transferred to another correctional facility. Cahn, 269 F. Supp.2d at 547; Krebs v. Rutgers, 797 F. Supp. 1246, 1261 (D.N.J. 1992)(denying class certification to pro se plaintiffs without sufficient legal education). Therefore, class

---

[1] The other plaintiffs failed to either prepay the filing fee or submit an application to proceed in forma pauperis, as directed by this Court's Order issued on May 13, 2005. Therefore, these plaintiffs shall be deemed withdrawn from the Complaint.

2

certification will be denied. The Court will review only the claims asserted by Awala on his own behalf in the Complaint.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

In his Complaint, Awala alleges that certain conditions of confinement violate his civil rights. He generally claims a lack of access to medical treatment and poor medical care, unsanitary food preparation and nutritionally inadequate food, and lack of access to the courts by virtue of SCCF's inadequate law library.[2]

Specifically, Awala alleges that the law librarian would deliberately "obliterate legal work and motions" prepared by Awala on the computer. He also asks that SCCF provide persons trained in the law to assist the inmates like Awala, to increase the size of the space for inmates in the law library, and to increase the number of inmates and hours for legal research.

---

[2] The access to courts claim pertains to inmates in solitary confinement and those housed in Units B3 and A3.

Awala seeks injunctive relief as well as damages with respect to the alleged claims.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[3]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

---

[3]  Awala should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g). It appears that Awala filed a later § 1983 action on June 10, 2005 and was granted in forma pauperis status.  The Complaint was dismissed on June 24, 2005 for lack of standing.

4

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

5

district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Awala brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.  Denial of Medical Care Claim

Awala first alleges, generally, that there was a lack of good medical care at SCCF.  He does not allege that he suffers from a serious medical need or that he was deliberately denied medical treatment.  Although the Complaint is not clear, it appears that Awala was a pretrial detainee at the time he submitted his Complaint for filing.  Thus, his constitutional claims are considered under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  However, the Third Circuit has held that the "deliberate indifference" standard employed in Eighth Amendment cases also applies to pretrial detainees under the Fourteenth Amendment.  See Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003)("In previous cases, we have found no reason

to apply a different standard than that set forth in Estelle ... We therefore evaluate Natale's Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims under the Eighth Amendment."); Simmons v. City of Philadelphia, 947 F.2d 1042, 1067 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992); Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); Taylor v. Plousis, 101 F. Supp.2d 255, 262 n.3 (D.N.J. 2000).  See also Hubbard, 399 F.3d at 166 n.22.  Accordingly, since the Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment, the Court will apply the deliberate indifference standard of the Eighth Amendment in analyzing plaintiff's denial of medical care claim.  See Simmons, 947 F.2d at 1067 (the rights of a detainee are at least as great as those of a convicted prisoner).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale, 318 F.3d at 582.

As Awala has failed to allege any facts to support a denial of medical care claim, either as to a serious medical need or as to deliberately indifferent conduct by defendants, Awala's Complaint should be dismissed for failure to state a claim. However, to the extent that Awala can allege facts to show a serious medical need and deliberate indifference by defendants during the time that Awala was confined at SCCF, the Court will allow plaintiff to amend his complaint, subject to Fed.R.Civ.P. 15. See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004).

Further, because Awala is no longer confined at SCCF, his claims for injunctive relief as against the defendants are dismissed as moot.

B.   Inadequate Food Claim

Awala also generally alleges that the food at SCCF is nutritionally inadequate and prepared in an unsanitary manner. However, since Awala is no longer confined at SCCF, this claim will be dismissed as moot.

C.   Inadequate Law Library Claim

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). In addition, the constitutional guarantee of due process of law has as a corollary the

9

requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).  Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending

criminal charges.  See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000).  But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense.  See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint."  Lewis, 518 U.S. at 351.

In describing the scope of services which must be provided by the state to indigent prisoners, the Supreme Court has stated,

"[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. ... This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional right cannot justify its total denial." Bounds, 430 U.S. at 824-25, clarified on other grounds, Lewis v. Casey, 518 U.S. 343. Thus, "there is no First Amendment right to subsidized mail or photocopying. [Instead], the inmates must point to evidence of actual or imminent interference with access to the courts." Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

Here, Awala alleges several instances where his legal work on the library computer was erased by the librarian. However, he does not allege any actual injury as a result of the purported conduct. In addition, Awala has submitted this Complaint without any allegations that his effort to do so was encumbered in any way. He filed another, later Complaint with the federal court, which has since been dismissed. Therefore, Awala fails to show actual injury with respect to his general claim that he was denied an adequate law library or legal research, and this claim must be dismissed without prejudice.

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed in its entirety as against all defendants, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), (2).  Awala is granted leave to amend his Complaint to cure the deficiencies in his pleadings, no later than 30 days from the date of this Order, as set forth in this Opinion.  An appropriate order follows.

                                        S/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge

Dated: August 23, 2005